

**FILED**

NOV 1 4 2000

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FRANKLIN DELANO ACOFF, #107587, )
                                )
        Plaintiff,              )
                                )
    v.                          )    CIVIL ACTION NO. 00-D-1542-N
                                )
LEROY JAMISON, *et al.*,        )
                                )
        Defendants.             )

### RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, the plaintiff, a prison inmate, contends that he was

deprived of due process during disciplinary proceedings initiated against him for violation

of Rule #56, failure to obey a direct order.

Upon review of the complaint and the evidentiary materials submitted by the

plaintiff, the court concludes that dismissal of this case prior to service of process is

appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

### FACTS

On May 24, 1999, disciplinary action was initiated against the plaintiff for a

violation of Rule #56, failure to obey a direct order. Specifically, the disciplinary charged

that on May 20, 1999 the plaintiff was "given a direct order" by officer Jamison and he

"did not comply with the order." *Disciplinary Report #99-0432 - Plaintiff's Exhibit A* at

---

[1]This subsection provides that the court shall dismiss a case at any time if it
determines that the action is frivolous or malicious.

1.  Upon completion of the noticed disciplinary hearing, the plaintiff was found guilty of the aforementioned offense. The sanctions imposed upon the plaintiff for this disciplinary were twenty (20) days loss of all privileges. *Id.* at 2.

## DISCUSSION

The plaintiff complains that he was denied due process in his disciplinary hearing. In support of this claim, the plaintiff contends that the evidence was insufficient to support a finding of guilt. The plaintiff is entitled to no relief on his complaint.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." Thus, the Constitution is implicated only if a person is deprived of an interest protected by the Due Process Clause. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court abandoned the *Thompson,*[2] *Olim,*[3] and *Hewitt*[4] methodology for determining the existence of a liberty interest. Under the methodology of those cases, a court ascertained whether a state created a liberty interest protected by the Due Process Clause by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official

---

[2]*Kentucky Department of Corrections v. Thompson*, 490 U.S. 454 (1989).

[3]*Olim v. Wakinekona*, 461 U.S. 238 (1983).

[4]*Hewitt v. Helms*, 459 U.S. 460 (1983).

discretion." In its renunciation of prior case law, the Court held that federal courts must look to the nature of the deprivation rather than statutory or regulatory language to determine if a state created a liberty interest.

> Following *Wolff*,[5] we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. . . But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 483-484 (1995)(footnote added)(citations omitted). Moreover, the Court specifically rejected the contention that any action taken by correctional officials as a punitive measure encroaches upon a liberty interest protected under the Due Process Clause. *Id. at 484.*

"Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Sandin*, 515 U.S. at 485. The loss of privileges "though concededly punitive, does not represent a dramatic departure from the basic conditions" of the sentence imposed upon the plaintiff. *Id.* In light of the foregoing, it is clear that the sanctions levied against the plaintiff fail to "impose[] atypical and significant hardship on the inmate in relation to the ordinary

---

[5]*Wolff v. McDonnell*, 418 U.S. 539 (1974).

incidents of prison life." *Id.* at 484. Consequently, the plaintiff's theory of liability under the law as established in *Sandin* is indisputably meritless and, therefore, frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Done this _____ day of November, 2000.

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

CIVIL ACTION NO. 00-D-1542-N

## ORDER

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this _____ day of November, 2000.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE